IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY CHARLES BRUTEYN, | § | |
| #37328-177, | § | |
|     Petitioner/Movant, | § | |
| | § | |
| v. | § | 3:13-CV-1465-M-BK |
| | § | (3:09-CR-136-M(01)) |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. For the reasons that follow, it is recommended that the section 2255 motion be denied.

**I.  BACKGROUND**

Petitioner was convicted of securities fraud and sentenced to 25 years' imprisonment and a three-year term of supervised release, and was ordered to pay over $7.2 million in restitution. *See United States v. Bruteyn*, 3:09-CR-136-M (N.D. Tex. 2011), *aff'd*, 686 F.3d 318 (5th Cir. 2012). In the four grounds raised in this timely section 2255 motion, Petitioner asserts ineffective assistance of counsel at sentencing and on appeal. [Doc. 1 at 4-7]. The Government argues the section 2255 motion lacks merit. [Doc. 5]. Petitioner filed a reply and the Government submitted a sur-reply. [Docs. 15, 17, 18]. Petitioner then responded to the latter without seeking permission to do so. [Doc. 19].[1]

---

[1] Although Petitioner filed this section 2255 motion *pro se*, he retained an attorney after the Government filed its response. Counsel then sought extension of time to file a reply and leave to exceed the reply brief page limits. [Docs. 10, 14]. The undersigned granted the extension, but granted only in part the motion for leave to exceed the briefing page limit, permitting subsections A, C, and D of section III of the enlarged reply (addressing claims 1-4) and section IV (raising

## II.  ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted.  See United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)).  Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds.  See United States v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).

**Ineffective Assistance of Counsel at Sentencing** (Claim 1, sub-issues 3-4)

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that he was prejudiced.  Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  Failure to establish either deficient performance or prejudice defeats the claim.  *Id.* at 697.

Petitioner asserts counsel failed to argue at sentencing that he was eligible for the "no knowledge" exemption from imprisonment under 15 U.S.C. § 78ff(a).[2]  [Doc. 1 at 4; Doc. 17 at 6-7].  He contends that he "was not knowingly involved in any scheme to defraud," and that he was merely a "layman."  [Doc. 17 at 9].  In addition, because he allegedly relied in good faith on

---

the same *Alleyne v. United States* claim previously pled in the ten-page reply), and striking subsection B (impermissibly pleading a new claim based on newly discovered evidence).  [Docs. 11, 13, 16].

[2] 15 U.S.C. § 78ff(a) reads in part:

> Any person who willfully violates any provision of this chapter ... shall upon conviction be fined not more than $5,000,000, or imprisoned not more than 20 years, or both, except that when such person is a person other than a natural person, a fine not exceeding $25,000,000 may be imposed; *but no person shall be subject to imprisonment under this section for the violation of any rule or regulation if he proves that he had no knowledge of such rule or regulation*.

(emphasis added).

the advice of his in-house counsel, Petitioner claims that "he did not have any actual knowledge that his conduct was illegal and was not aware of any violation of the SEC rules or regulations." *Id.*

In the underlying criminal prosecution, Petitioner represented himself at trial, but requested court-appointed counsel for sentencing. Although attorney Shirley Baccus-Lobel was appointed for sentencing and appeal, the Court subsequently permitted hybrid representation at sentencing with agreement of all parties. *See* Tr. Motion to Withdraw as Attorney [Crim. Doc. No. 238] at 5.

"[A] defendant will succeed in establishing the no-knowledge defense [at sentencing] if he can show that he had no knowledge of the substance of the SEC rule or regulation he is convicted of violating." *United States v. Behrens*, 713 F.3d 926, 931 (8th Cir. 2013). Petitioner fails to explain why he did not raise the "no knowledge" defense himself at sentencing. Having agreed to hybrid representation at sentencing, as the Court advised him, he was in charge of all sentencing issues and arguments even if his counsel disagreed. *See* Tr. Motion to Withdraw as Attorney [Crim. Doc. No. 238] at 5.

That notwithstanding, Petitioner fails to meet his burden of proving deficient performance under *Strickland*. He relies exclusively on his own affidavit, rather than any evidence admitted at trial, to assert that he had no "knowledge that [he] was in violation of Rule 10b-5" and had only relied on the advice of in-house counsel. [Doc. 17-1 at 2]. However, his arguments are belied by the extensive evidence that was presented at trial and resulted in the jury's verdict that Petitioner intentionally violated Rule 10b-5 on nine separate occasions. Apart from his self-serving averments, Petitioner has submitted nothing to support his contention that defense counsel was deficient in failing to raise the "no knowledge defense" at sentencing. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (conclusory allegations, whether made by a

Page **3** of **9**

*pro se* litigant or by counsel, are clearly insufficient to raise cognizable claims of ineffective assistance of counsel) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)); *see also United States v. Jones*, 614 F.2d 80, 81 (5th Cir. 1980) (conclusory statements are insufficient to state a constitutional claim in a § 2255 proceeding); *United States v. Daniels*, 12 F.Supp.2d 568, 575 (N.D. Tex. 1998) (conclusory allegations cannot serve as basis for a claim of ineffective assistance of counsel in § 2255 proceeding).

Next, Petitioner asserts counsel failed to argue at sentencing that the Government did not prove that he had "actual knowledge that he was required to register [as a securities dealer under 15 U.S.C. § 78ff(a)] before he could be found guilty and incarcerated." [Doc. 1 at 4]. However, as reflected in the jury instructions [Crim. Doc. 136 at 7-11], Petitioner's conviction did not depend on his duty to register. Moreover, in his reply, as the Government correctly notes, Petitioner abandons his ineffective-assistance claim, conceding counsel contested the registration requirement at sentencing, and argues only that the Court misapplied a sentencing enhancement.[3] [Doc. 17 at 10-12]. Accordingly, Petitioner's claims of ineffective assistance of counsel at sentencing fail.

### Ineffective Assistance of Counsel on Appeal

To prove ineffective assistance of appellate counsel, a petitioner must show that the decision not to raise an issue on appeal fell below an objective standard of reasonableness and that he was prejudiced. *See United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). "The

---

[3] Insofar as Petitioner asserts the Sentencing Guidelines were misapplied, his claim does not give rise to a constitutional issue cognizable under section 2255. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (citing *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994); *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994)). Under section 2255, a petitioner may raise only constitutional errors and other injuries that could not have been raised on direct appeal and that will result in a miscarriage of justice if left unaddressed. *Faubion*, 19 F.3d at 233 (defendant's claim that the district court erred in making upward departure under Sentencing Guidelines could not be considered in post-conviction proceeding to vacate, set aside, or correct sentence).

Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989) (citing *Jones v. Barnes,* 463 U.S. 745, 751 (1983)). Indeed, it is counsel's professional duty to choose among potential issues, according to his judgment as to their merit and his tactical approach to maximize the likelihood of success on appeal. *Jones*, 463 U.S. at 752. To prove his appellate attorney's alleged error was prejudicial, Petitioner must show that "'[the Fifth Circuit] would have afforded relief on appeal.'" *United States v. Reinhart*, 357 F.3d 521, 530 (5th Cir. 2004) (quoting *United States v. Phillips*, 210 F.3d 345, 350 (5th Cir. 2000)).

Sufficiency of Evidence (Claims 1-2)

Petitioner asserts appellate counsel was ineffective for failing to raise five additional arguments on direct appeal:

- Petitioner was not required to register as a securities broker under "Texas Exemption from registration 139.19";

- Petitioner was outside the five-year requirement for the disclosure of material information;

- The Government failed to prove his knowledge of the duty to register, so he could not be convicted and incarcerated under 15 U.S.C. § 78ff(a);

- Petitioner could not be held liable for the "verbal misstatements" made to investors of which he had no knowledge, and his "credentials" were accurately stated "on the website and in the investor packages"; and

- The "commercial bank comment," which he did not know was misleading, was written and approved by "in-house counsel."

[Doc. 1 at 4-5]. However, Petitioner has not demonstrated that the above issues were clearly stronger than the sufficiency of the evidence issues counsel did pursue on direct appeal. *See Smith v. Robbins*, 528 U.S. 259, 288 (2000) ("[g]enerally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome") (cited case omitted).

On direct appeal, appellate counsel challenged the sufficiency of the evidence, claiming the evidence of Petitioner's failure to disclose his National Association of Securities Dealers (NASD) disciplinary history was not material and, thus, insufficient to support his conviction. In the motion *sub judice*, Petitioner is silent about the merit of the claims he suggests counsel should have raised; indeed, his *pro se* section 2255 motion merely lists the five additional grounds he contends appellate counsel should have pursued. [Doc. 1 at 4-5]. Moreover, while Petitioner claims in his counseled reply that appellate counsel was deficient in failing to raise the new grounds, he supports that argument with nothing more than his opinion that appellate counsel should have cited to the trial record and other unidentified, newly-discovered evidence to give the appellate court sufficient reasons to set aside the verdict, and that she should have argued that Petitioner was not liable because he had no knowledge that disclosure was required. [Doc. 17 at 6-9, 12-13]. In any event, even assuming appellate counsel's representation fell below an objective standard of reasonableness, Petitioner has not established that the outcome of his appeal would have been different because of the additional issues. Consequently, this claim also fails.

<u>Court's Evidentiary Rulings</u> (Claim 4)

The Court reaches the same conclusion with respect to appellate counsel's failure to challenge two evidentiary rulings on appeal. Without citing to the record or providing supporting facts or analysis, Petitioner asserts the Court denied him the ability to prove that he was not required to disclose his NASD disciplinary history and to show the jury a "CNBC Video." [Doc. 1 at 8; Doc. 15 at 8; Doc. 17 at 21-22]. However, he again fails to establish the above issues were stronger than the issues counsel pursued on direct appeal. *See Smith*, 528 U.S. at 288. In his reply, Petitioner simply contends the jury did not hear him cross-examine the Government's FINRA representative and, thus, he could not show the jury that he was not

required to disclose his NASD record under the statute he was charged.[4]  [Doc. 15 at 8].

Regarding the video, he only claims that it would have "clearly explained the investment" and "shown that he explained the business" and that AmeriFirst "was one of the very first finance companies . . . to use GPS tracking systems on all their used cars which they financed."  [Doc. 15 at 8; Doc. 17 at 21].  Accordingly, due to Petitioner's failure to meet his burden, these claims also fail.

Disparity of Sentence (Claim 3)

Petitioner's remaining claim fares no better.  While he concedes appellate counsel challenged the disparity between his sentence and that of other defendants involved in the same fraud scheme, he claims she failed to argue that he was similarly situated to the other defendants. [Doc. 1 at 7; Doc. 17 at 18-21].  However, the record refutes Petitioner's assertion that he was similarly situated to the others.  Four of those defendants (Vincent Bazemore, Gerald Kingston, Eric Hall, and John Priest) pled guilty to a one-count information (charging securities fraud or conspiracy to commit securities fraud), while Petitioner pled not guilty and proceeded to trial on an indictment charging him with nine counts of securities fraud.  *See* Presentence Report [Crim. Doc. 186-1] at 1, 4.  In addition, Priest and Dennis Bowden (the only other defendant who proceeded to trial) were sentenced *after* the Fifth Circuit affirmed Petitioner's conviction.  *See* Case Nos. 3:10-CR-152-M and 3:10-CR-229.  Under these circumstances, appellate counsel was not deficient in failing to argue on appeal that Petitioner was similarly situated to the other defendants.  *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (quoting *Smith v. Puckett*, 907 F.2d 581, 585 n. 6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does

---

[4] As the Government notes, counsel raised the NASD discipline issue on appeal when challenging the sufficiency of the evidence, and the United States Court of Appeals for the Fifth Circuit emphasized that materiality was "a mixed question of law and fact [that] is usually left for the jury."  *Bruteyn*, 686 F.3d at 323.

not issue from, failure to raise [on direct appeal] a legally meritless claim."). Moreover, at sentencing, the Court considered and rejected counsel's argument that Petitioner's sentence should be mitigated to avoid any disparity. *See* Sentencing Tr. [Crim. Doc. 240] at 42-62. The Court concluded that counsel's objection was a challenge to the plea bargaining system, that the Government, not the court, controlled the charges that it brings, and that Petitioner, unlike the other defendants, was charged with nine counts each carrying a twenty-year statutory maximum. *Id.* at 45, 48. Thus, this claim also fails.

### Applicability of *Alleyne v. United States*

In his reply, Petitioner asserts for the first time that he should be resentenced based on the recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). [Doc. 15 at 8-9; Doc. 17 at 22-23]. In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the criminal offense that must be proven beyond a reasonable doubt by submission to the jury. *Id.* at 2155. However, *Alleyne* does not apply retroactively on collateral review. *See In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (*per curiam*) (addressing retroactivity of *Alleyne* in context of a successive 2255 motion). Moreover, because the offenses of which Petitioner was convicted did not carry mandatory minimum sentences, the holding in *Alleyne* is wholly inapplicable. *See* Statement of Reasons [Crim. Doc. 232] ¶ II.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the section 2255 motion be **DENIED**.

SIGNED February 19, 2014.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* [28 U.S.C. § 636(b)(1)](); [FED. R. CIV. P. 72(b)]().  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See* [*Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)]().

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE